THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv289

| | |
|---|---|
| JAMIE BARNARD, KEITH M. BEHRENS, MICHELLE BEHRENS, ROBERT S. BURT, SCOTT CLEMENTS, NICOLE CLEMENTS, THOMAS G. DYKHOUSE, LINDA S. DYKHOUSE, CHRIS S. FIORENZI, RINA A. FIORENZI, GLENN FOSS, CHRISTINE FOSS, WILLIAM C. GATTONI, DEBORAH A. GATTONI, CHRISTOPHER GOETZ, VICKI GOETZ, JOSEPH P. GRUSSER, KATHERINE V. GRUSSER, JACK L. HERZBERG, KRISTINE A. HERZBERG, EDWARD R. HOCHSTADTER, JR., DARA HOCHSTADTER, BRAHAM HORWITZ, DIANE HORWITZ, MARK A. IPPOLITO, CARL H. JAHRSTORFER, JR., PATRICIA JAHRSTORFER, MICHAEL A. LAVIGNA, HEATHER J. LAVIGNA, GLENN LYSACK, JEFFREY MALFETTI, ANGELA MALFETTI, ELAN MANHAM, VERA MANHAM, KAREN PACKMAN, ROGER PINKHAM, JENNIFER PINKHAM, RANDAL J. PRICE, MEKO L. PRICE, ALLEN J. BOYKIN ROBINSON, JENNIFER ROBINSON, FRANK R. SEAGER, CAROL L. SEAGER, JOHN M. SEBASTIANO, LAURIE L. SEBASTIANO, and MARK ZURAWEL, | |
| Plaintiffs, | |
| vs. | **MEMORANDUM OF DECISION AND ORDER** |
| SUNTRUST BANK and APRIL KISSELBURG DAVIS, | |
| Defendants. | |

_____)

**THIS MATTER** is before the Court on the Magistrate Judge's Show Cause Order entered January 23, 2012 [Doc. 15]; the Defendant's Brief in Response to the Court's January 23, 2012 Show Cause Order [Doc. 16]; and the Plaintiffs' Memorandum in Support of Joinder [Doc. 17].

**I. PROCEDURAL BACKGROUND**

This is an action brought by 46 purchasers of subdivision lots in a failed real estate development known as the Grey Rock subdivision in Lake Lure, North Carolina ("Grey Rock"). [Amended Complaint, Doc. 19 at ¶ 1]. The Plaintiffs have brought suit against Suntrust Bank and April Kisselburg Davis for violation of the Interstate Land Sales Act, 15 U.S.C. § 1703(a)(2) ("ILSA"), violation of the North Carolina Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* ("Chapter 75"), negligent misrepresentation, and fraud, arising from the Defendants' alleged involvement in a scheme to artificially inflate the value of the lots in Grey Rock. The Defendants have moved to dismiss the Plaintiffs' Complaint, as amended, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 20].

On January 23, 2012, the Magistrate Judge entered an Order questioning whether the Plaintiffs are properly joined in this action pursuant

2

to Rule 20 of the Federal Rules of Civil Procedure. The Magistrate Judge ordered the parties to show cause why the Plaintiffs should not be severed in this case and why each should not be required to pay the requisite filing fee. [Doc. 15]. The Defendant responded to the Magistrate Judge's Show Cause Order on February 2, 2012. [Doc. 16]. The Plaintiffs filed a Memorandum in Support of Joinder on the same day. [Doc. 17].

Having been fully briefed, this matter is ripe for disposition.

## II. DISCUSSION

Rule 20 of the Federal Rules of Civil Procedure provides that persons may be joined as plaintiffs in one action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same, transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). The "transaction or occurrence" test set forth in Rule 20 "is designed to permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." Advamtel, LLC v. AT&T Corp., 105 F.Supp.2d 507, 514 (E.D. Va. 2000). "Absolute identity of all events is not necessary, and the rule should be construed in light of its

3

purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Id.

Joinder is not a substantive right; it is a procedural mechanism that allows parties with similar substantive claims to enforce them jointly. See Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983). Courts have "wide discretion concerning the permissive joinder of parties" under Rule 20. Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007). As the Fourth Circuit has recognized, whether claims are properly joined under Rule 20 is a determination that must be made on a case-by-case basis. Saval, 710 F.2d at 1031. The Court may act upon motion by a party or *sua sponte* to remedy improperly joined parties. Fed. R. Civ. P. 21. Where plaintiffs are improperly joined, the proper remedy is not to dismiss the misjoined parties but rather to sever all misjoined claims. See Grennell v. Western Southern Life Ins. Co., 298 F.Supp.2d 390, 399 (S.D. W. Va. 2004).

In the present case, the Plaintiffs contend that they are properly joined in this action because their claims all arise from the same series of transactions or occurrences, namely, the purchase of lots in Grey Rock. Beyond the mere fact that the Plaintiffs are all purchasers in the same subdivision, however, there is little commonality between the Plaintiffs' claims.

4

Each of the claims arise out of the purchase of a separate lot (or lots) that were purchased at different times and relate to financing that occurred under circumstances entirely different from every other lot purchase.

Further, to the extent that the Plaintiffs assert claims based on misrepresentations and fraud, such claims are entirely dependent on facts specific to each Plaintiff, such as the particular misrepresentation made and the reasonableness of any reliance by the particular Plaintiff on such misrepresentation. Given the variation in the Plaintiffs' claims, and the uniquely personal nature of the deception claims in particular, each Plaintiff will require a "mini-trial," each involving different evidence and testimony. Such a trial would be an "enormous burden" on the Court and would substantially hinder the fair administration of justice. CineTel Films, Inc. v. Does 1-1,052, __ F.Supp.2d __, Civil No. JFM 8:11-cv-02438, 2012 WL 1142272, at *8 (D. Md. Apr. 4, 2012).

The Court further notes that the filing of these claims as a single lawsuit when they are in fact separate lawsuits causes inaccuracies in the filing statistics of this District. Such inaccuracies are not insignificant. As another Court in this District has noted, "[s]uch statistical data is extremely important as it determines the resources that are necessarily allotted to this district.

5

Thus, the misfiling of these cases could result in less resource[s] being allocated to the district than it is entitled to which, of course, could have negative consequences." Slep-Tone Entertainment Corp. v. Mainville, No. 3:11-cv-00122, 2011 WL 4713230, at *5 n.3 (W.D.N.C. Oct. 6, 2011) (Mullen, J.). Moreover, the filing of the Plaintiffs' claims as a single action, with the payment of a one-time $350 filing fee, does little to compensate the Court "for this significant drain on judicial resources." CineTel, 2012 WL 1142272, at *8 n.4.

The Complaint further fails to plead with any type of specificity the nature of the misrepresentations allegedly made to each Plaintiff by the Defendants. While the Complaint identifies the general nature of the misrepresentations made to the Plaintiffs, such allegations are not sufficient under Rule 9(b) to state fraud claims on behalf of every Plaintiff named.

In arguing in favor of joinder, the Plaintiffs note that the Court previously consolidated a similar group of individually-filed cases in Synovus Bank v. Karp, 1:10cv172. The *eight* individual cases in Karp, however, have been consolidated only for the purposes of pretrial proceedings, and the issue of whether those cases should be consolidated for trial purposes remains to be resolved. The claims asserted by the Plaintiffs in the present case may have

6

enough commonality to justify a limited consolidated for some purposes of pretrial proceedings, as in Karp. For the reasons discussed above, however, what limited commonality these claims have does not justify the continued joinder of such a disparate group of *46* Plaintiffs in this one civil action.

In sum, the Court concludes that there is no legitimate basis for joining all of the Plaintiffs together in a single lawsuit. The Plaintiffs' claims lack the requisite commonality to justify joinder pursuant to Rule 20(a). Accordingly, the Court concludes that all of the claims asserted by the Plaintiffs in this matter, aside from the claims asserted by the Plaintiffs Jamie Barnard and Mark Zurawel[1], shall be severed from this action and refiled, upon payment of the requisite filing fees, as new, separate actions. Such claims shall be filed based upon the particular lot purchased and shall include only those Plaintiffs and Defendants associated with that particular lot purchase. Any Complaints that are filed further must include factual allegations of sufficient particularity to conform to the standards of Rule 9(b) of the Federal Rules of Civil Procedure and otherwise should provide an adequate description of the basis for the specific claims asserted against the named Defendants.

---

[1] It is alleged that Jamie Barnard and Mark Zurawel purchased two lots together in 2005. [Amended Complaint, Doc. 19 at ¶ 306].

7

Case 1:11-cv-00289-MR-DLH   Document 27   Filed 06/06/12   Page 7 of 8

**IT IS, THEREFORE, ORDERED** that all claims asserted by the Plaintiffs, with the exception of the claims asserted by Plaintiffs Jamie Barnard and Mark Zurawel, are hereby **SEVERED** from this action.

**IT IS FURTHER ORDERED** that within thirty (30) days of the entry of this Order and upon payment of the requisite filing fees, the severed Plaintiffs may refile their claims as separate lawsuits against the Defendants or seek dismissal of their claims.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss [Doc. 20] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendants shall have thirty (30) days from service of the newly filed Complaints to answer or otherwise respond.

**IT IS SO ORDERED**.

Signed: June 6, 2012

Martin Reidinger
United States District Judge